*MHW*

1
2
3          UNITED STATES DISTRICT COURT FOR THE
4              NORTHERN DISTRICT OF ILLINOIS

RECEIVED
9-4-2008
SEP 04 2008
Sep 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

5  EDWARD MILLER,                          | Case No.:
6          Plaintiff,
          vs.                              | FEDERAL COMPLAINT
7
8  MAXIMUS, INC.,
9  ILLINOIS DEPARTMENT OF HEALTHCARE
   AND FAMILY SERVICES, DIVISION OF
10 CHILD SUPPORT ENFORCEMENT,

11 CALIFORNIA HEALTH & HUMAN SERVICES
   AGENCY, DEPARTMENT OF CHILD SUPPORT
12 SERVICES
          Defendant
13

08cv5054
JUDGE PALLMEYER
MAG. JUDGE MASON

14                    COMPLAINT
15
16       Plaintiff, Edward Miller, for his complaint against
17  defendants Maximus Inc, Illinois Department of Healthcare and Family
18  Services, Division of Child Support Enforcement, and California Health
19  and Human Services Agency, Department of Child Support Services, states
    as follows:
20
21                    THE PARTIES
22
23  1.   Plaintiff, Edward Miller is a US citizen and resident of Cook
24       County Illinois.
25
26  2.   Based on information and belief, defendant Maximus Inc., herein
27       after referred to as Maximus, under the direction of Mr.
         Richard A. Montoni (Chief Executive Officer, President and
28       Director), is a financial consulting firm organized under the
29       laws of the state of Virginia practicing its principle business
30       in 26 US States and abroad, and provides Revenue Management

services on a contractual basis for the codefendants, the Illinois Health and Human Services, Division of Child Support Enforcement, and the California Healthcare and Family Services Agency, Department of Child Support Services.

3. Based on information and belief the Illinois Health and Human Services, Division of Child Support Enforcement, herein after referred to as Illinois CSE, is a US State government entity under the direction of Mr. Barry Maram, director of Illinois Healthcare and Family Services (formally IL Dept of Public Aid), is responsible for the collection and disbursement of funds for the support of dependant children and other social services.

4. Based on information and belief the California Healthcare and Family Services Agency, Department of Child Support Services, herein after referred to as California CSE, is a US State government entity under the direction of Ms. Greta Wallace (Director of California Child Support Services) is responsible for the collection and disbursement of funds for the support of dependant children and other social services.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant 28 U.S.C. §1331 in that this is a civil actions arising under the Constitution, laws, or treaties of the United States.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 in that this is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)
    because a substantial part of the events or omissions giving
    rise to the claims herein occurred in this judicial district.

## FACTUAL BACKGROUND

8.  The plaintiff, Edward Miller, and Diane Edwards married
    September 1974 and during the time between September 1974 and
    December 1980 three children were born. Edward (Jul 1977),
    Arthur (Jul 1979), and Alexander (Dec 1980). On or about
    October 1983 plaintiff and spouse separated and spouse (Diane
    Miller) moved to Los Angeles, California with the three
    children. Following the separation and move to Los Angeles, an
    Order for Child Support was entered against Mr. Miller in the
    Circuit Court of Cook County Illinois on or about October 26,
    1984 referenced as Case/IV-D No. 50-006-037005752 and Court
    Order No. 83 SU 91551. The plaintiff's income was withheld as
    prescribed by the properly served and adjudicated order for
    support, from November 1984 thru July 1986.

9.  In August 1986, Mr. Miller also moved to Los Angeles,
    California and joined with his spouse (Diane) and children
    (Edward, Arthur, and Alexander) and a fourth child (Peitience)
    being born Oct 1987. Plaintiff and spouse having obtained
    gainful employment in the state of California together
    supported the dependant children August 1986 thru October 1987.

10. In October 1987, plaintiff, spouse, and the four children moved
    to Illinois where two more children were born, Velvette (Oct
    1988), and Simone (Nov 1990) and plaintiff continued living
    with spouse and children, and supporting all of the children
    thru February 1990.

11.  In February 1990 plaintiff and spouse separated with plaintiff obtaining residence elsewhere in Chicago, Illinois and continued supporting the children on an agreed upon basis between plaintiff and spouse until on or about January 1994.

12.  On or about January 22, 1994 an Income Withholding Order for Child Support referenced by Case Identifier (IV-D No.): 50-006-037005752-50 and Court Order Identifier: 83-SU-91551 was reinstated against plaintiff and plaintiff's income was withheld in compliance with the properly served and adjudicated order for support beginning on or about January 1994.

## CAUSE OF ACTION

13.  Plaintiff incorporates by reference paragraphs 1 through 12 as if fully set forth herein.

14.  On July 2, 2008, Maximus employee, Linda Johnson, faxed to plaintiff's employer 2 Illinois Income Withholding for Child Support orders (Income Withholding Order). The first income withholding order is stated as being an original income withholding order, referencing Case Identifier C00461885 and Order Identifier 1983S0091551, having an Entry Date of Order for Support being 10/26/1984, demanding a total of $52.00/month be withheld from plaintiff's earnings for delinquent child support totaling $8,055.96.

15.  The second income withholding order, stated as being an amended income withholding order references Case Identifier C00461885 and Order Identifier 200A199003007, having an Entry Date of Order being 08/19/1993, demanding $894.00/month be withheld from plaintiff's income for current child support.

16. The July 2008 income withholding orders infer that they are being issued by the Illinois Division of Child Support Enforcement (Illinois CSE).

17. The July 2, 2008 income withholding orders lists the children and their dates of birth as Edward 07/05/77, Arthur 7/6/79 (on first income withholding order), Alexander 12/14/80, Peitience 10/03/87, Velvet 10/27/88, Simone 11/20/90, whose ages are in fact 31, 29, 27, 20, 19 and 17 years of age as the dependants for whom child support is sought.

18. The income withholding orders further lists Diane Miller (who is the birth mother of the children) as the custodial parent of the dependant children.

<u>COUNT I - FRAUD</u>
(Against Maximus)

19. The Plaintiff incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20. The plaintiff asserts that the July 2008 income withholding orders submitted by Maximus (Ms Johnson) are fabricated false claims for child support which are unenforceable, fraudulent, lacks validity, and is part of ongoing reckless behavior practiced by Maximus to deceive and defraud the plaintiff and others.

21. The Uniform Interstate Family Support Act (UIFSA) adopted by Congress in 1996 and mandated that each state have in effect as a condition of federal funding of child support, establishes a One-Order System which recognizes only one valid support order may be effective at any one time. In its July 2008 submissions of two income withholding orders to the plaintiff's employer,

1      Maximus has recklessly ignored federal statutes prohibiting
2      income withholding on multiple orders for child support for the
3      same family.

4   22. Additionally, the plaintiff asserts the following illegalities
5      in Maximus' (Ms Johnson's) behavior and with the income
6      withholding orders submitted:

7

8      a. Ms Johnson fist called the Payroll Department of Mr.
9         Miller's employer before faxing the income withholding
10        orders, falsely representing herself as an Illinois Division
11        of Child Support Enforcement official, and inferred that the
12        Payroll Department employee faced legal action by the State
13        of Illinois if she did not comply immediately with the terms
14        of the income withholding orders being faxed. The payroll
15        employee believing that in fact she was talking with an
16        Illinois Child Support Enforcement official, requesting
17        process of legal and enforceable income withholding orders,
18        and fearing legal retribution if she did not comply with the
19        caller's request, did process both income withholding orders
20        even though by law she could only withhold on one order, and
21        did so in advance of the fourteen day period allowed to
22        process such income withholding orders in Illinois. This act
23        being committed by Ms Johnson on behalf of her employer,
24        Maximus, constituted fraud in that Maximus in the State of
25        Illinois is neither recognized as a Judicial or
26        Administrative authority pursuant to UIFSA tribunal
27        definitions and statutes. As such, Maximus cannot create a
28        duty to support and cannot legally enforce support
          obligations based on a duty to support which it has
          artificially created.

29     b. Both income withholding orders submitted by Maximus are
30        fabricated false claims for support. The Case Identifiers

1     contained in the orders are not associated with any legal
2     proceedings establishing a duty to support, and no process
3     of service has ever been made on plaintiff regarding any
4     legal action associated with the contrived child support
5     cases based on the Case and Order identifiers stated in
6     income withholding orders created by Maximus.

7   c. The second income withholding order sent by Maximus (Ms
8      Johnson) seeks current child support for adult children who
9      do not live with the custodial parent and whose ages are
10     well beyond the Illinois age of majority. All of the
11     children in this matter bare no physical or mental
12     impairments which would legally require the plaintiff to
13     support them beyond the Illinois age of majority.

14   d. The income withholding order also declares Diane Miller as
15      the custodial parent of adult children. Diane Miller has no
16      standing for the support of self sufficient adult children
17      not subject to parental custody thereby causing unjust
18      enrichment to Diane Miller and the defendants.

19   e. Both income withholding orders are invalid as they are
20      superseded by an Illinois Cook County Circuit Court order
21      which takes precedence over administrative orders for
22      support. Maximus, Illinois Child Support Enforcement
23      officials, and California Child Support Enforcement
24      officials know this, or should know this, yet has willfully
25      issued, caused to be issued, or allowed to be issued invalid
26      income withholding orders causing an unjust withholding of
27      the plaintiff's income and unjust intercepts of the
28      plaintiff's federal tax refunds and provides unjust
29      enrichment to the defendants.
30

23. From 1993 thru 2008 Maximus staff has repeated its malicious process of generating child support cases and income withholding orders against the plaintiff without any legal authority to do so. The multiple cases and orders created by Maximus have been forged using the names of both the Illinois Division of Child Support Enforcement and the California Department of Child Support Services. At no time has any of the child support cases and income withholding orders created by Maximus been properly served and adjudicated. There has been no legal establishment of duty to support or modify, or adequate process of service which would permit legal withholding of the plaintiff's income and federal tax refunds based on the case and order identifiers created by Maximus. The only valid order for support against the plaintiff is that of the Illinois Cook County Circuit Court.

24. In connection with its deceptive and fraudulent practices, Maximus through coercion or deception has caused the unlawful income withholding orders to appear in the state child support computer systems as separate obligations of the plaintiff as if for support of a different family. The plaintiff has no other children and this action is deliberately caused by Maximus in order to illegally distribute the plaintiff's withheld income to Illinois CSE, California CSE, and to Diane Miller.

25. The maliciousness of Maximus' actions is further characterized by the fact that it has increased (or attempted to increase) the plaintiff's withheld income by more than five times the amount legally established by a US court of law, and at times violating the federal Consumer Credit Protection Act (CCPA) in the process by causing (or attempting to cause) as much as 85% of the plaintiff's income to be withheld.

26.  By creating multiple child support cases, Maximus is able to
     generate the appearance of large arrearages and delinquencies
     being that the amounts are accumulated over several child
     support cases for the same family and charged against the
     plaintiff on the various fabricated income withholding orders
     it produces. This resulted in a reported amount of delinquency
     and arrearages in excess of $170,000. The stated monthly
     payment amount in the fraudulent income withholding order would
     constitute child support related payments to be made by the
     plaintiff until he reaches 103 years of age, and would subject
     his estate to further collection actions in the event of his
     demise before attaining age 103.

27.  The plaintiff has made numerous attempts to appeal the wrongful
     income withholding orders submitted (or caused to be submitted)
     by Maximus, but has not been able to achieve the necessary
     level of cooperation from the State of Illinois or the State of
     California to cause commencement of the appeal process. The
     plaintiff has attempted to address the issues in this matter in
     addition to appeal requests, through meetings and discussions
     with Illinois and California Child Support officials, and
     through numerous correspondences with each of the CSE entities.

28.  The wanton and deliberate practices of Maximus are further
     indicated by its actions when each time the plaintiff contested
     its income withholding orders in Illinois, Maximus would
     initiate income withholding in California. When the California
     income withholding orders were contested, Maximus would
     initiate withholding in Illinois. This process would be
     repeated by Maximus time and time again from 1993 thru 2008,
     while the State of Illinois and California would continue to
     refuse the plaintiff's request for appeal, and refused to
     intervene in the wrongful activities of Maximus causing the

1    wrongful withholding of the plaintiff's income and intercept of
2    his tax refunds.

3              COUNT II - CONSPIRACY TO COMMITT FRAUD
4                  (Maximus and Illinois CSE)
5    29.  The Plaintiff incorporates by reference paragraphs 1 through 28
6         as if fully set forth herein.

7
8    30.  Two Illinois Child Support Enforcement officials, Ms Teri
9         Masters and Ms Trudy Rein, have assisted substantially in
10        furthering the alleged fraudulent and deceptive practices of
11        Maximus.

12   31.  Ms Masters is an Illinois CSE official in the Marion County,
13        Illinois Child Support Enforcement office. Located at 104
14        Airway Drive, Marion IL, this CSE office is more than 300 miles
15        south of Chicago Illinois. Although the plaintiff, spouse, and
16        children have never lived in Marion Illinois (or any county,
          township, or other area outside of Chicago while residing in
17        Illinois), Maximus and Ms Master on September 18, 2006
18        deliberately faxed (or caused to be faxed), then mailed (or
19        caused to be mailed) to plaintiff's employer the income
20        withholding order that was created by Maximus referenced as
21        C00461885/200A199003007. The income withholding order submitted
22        by Ms Masters (and issued or caused to be issued by Maximus),
23        being based on Case Identifier C00461885 and Order Identifier
24        200A199003007 was previously terminated December 19, 2005 by
          Chicago CSE official MS Jeri Dawkins. Prior to the December
25        19th 2005 termination, the order was suspended pending
26        investigation August 11, 2005 by Ms Mel Edwards, another
27        Chicago CSE official. Ms Masters' (and Maximus') actions was a
28        deliberate attempt to obstruct Illinois due process and defy
29        the earlier decisions of Illinois CSE officials better
30        qualified to make such determination regarding the income

withholding order.

32. Ms Trudy Rein is an Illinois Child Support Enforcement (Acting) Manager (or was at the time) in the Chicago office located at 32 W Randolph. Ms Rein approved the income withholding order submitted by Ms Masters having full knowledge of the illegal circumstances surrounding the income withholding order:

    a. Known to have been issued by Maximus and not through an Illinois CSE tribunal as prescribed by UIFSA statutes;
    b. Known to have been suspended pending investigation by Chicago CSE officials;
    c. Known to have been terminated by Chicago CSE officials;
    d. Known to be superseded by Illinois Circuit Court judicial authority.

33. Further, Ms Rein deliberately interfered with and prevented the plaintiff's right to appeal the order by intercepting the plaintiff's appeal request, which plaintiff filed at the Chicago CSE office September 2006. Ms Rein's willful actions aided and abetted the wrongful acts of Ms Masters and Maximus causing unlawful withholding of the plaintiff's income to continue.

COUNT III - 14th AMENDMENT / DUE PROCESS VIOLATIONS
(Against all defendants)

34. The Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. The income withholding orders that have been issued (or caused to be issued) by Maximus seeks to increase the amount of income withheld from the plaintiff through issuance of original and amended Income Withholding for Support orders without due

1     process of law. Of the approximately 14 income withholding

2     orders and 2 other such deceptive documents issued to the

3     Internal Revenue Service, no process of service has ever been

4     made on plaintiff regarding the multiple Case and Order

5     Identifiers stated in those income withholding orders and other

6     documents submitted on behalf of Illinois and California Child

7     Support Enforcement entities, which has violated the

8     plaintiff's legal right to be heard on those matters. The only

9     existing properly served and adjudicated order for support

     (from 1984 to 2008) is that of the Illinois Cook County Circuit

     Court.

## COUNT IV – UIFSA VIOLATIONS

### (Against all defendants)

36.  The Plaintiff incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37.  The income withholding orders issued (or cause to be issued) by Maximus on behalf of the California CSE agency, violates the Uniform Interstate Family Support Act (UIFSA), regulations in that multiple orders for support have been created for support of the same dependant children. The regulations contained in UIFSA provide that recognition of only one valid support order may be effective at any one time.

38.  The income withholding orders issued (or caused to be issued) by Maximus on behalf of the California Child Support Services Department, violates UIFSA jurisdiction regulations in that 4 of the approximately 14 income withholding orders sought to collect child support on behalf of the California CSE agency five years or more after all parties (plaintiff, spouse, and children) had left the state of California and had moved to Illinois where all parties have remained since 1987. Proper

jurisdiction is within the State of Illinois, and all proceedings in this matter are only proper in the State of Illinois.

39. Defendants have violated UIFSA jurisdiction statutes in that the plaintiff's federal tax refunds have been intercepted under the authority of the California Child Support Services Department when none of the parties resided in the state of California for five years or more prior to the California CSE action. At the time of the California intercept, plaintiff was not delinquent in Illinois child support payments as prescribed by the Cook County Circuit Court order, or plaintiff's withheld income was willfully diverted by defendants.

### COUNT V - OBSTRUCTION OF COURT ORDERS
(Against Maximus)

40. Plaintiff incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41. At the time of service of the September 1998 California income withholding order issued (or caused to be issued) by Maximus, plaintiff's income was already being withheld on a properly served and adjudicated Illinois Circuit Court order for support Case: 50-006-037005752-50 Order: 83-SU-91551. The plaintiff contends that the act of service (of the California order) on plaintiff's employer was an obstruction of court orders in that it caused a legally binding order for support issued by the Cook County Circuit Court to be stopped by the employer to process the fraudulent California income withholding order, thereby interfering with the execution of orders issued by a US court.

### COUNT VI - WIRE FRAUD

(Against Maximus and Illinois CSE)

42. Plaintiff incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

43. The plaintiff contends that the September 18, 2006 income withholding order having been sent to plaintiff's employer via fax, for the deliberate purpose of committing a fraudulent act has been done so in violation the US wire fraud laws.

44. The plaintiff contends that the July 2, 2008 income withholding order having been sent to plaintiff's employer via fax, for the deliberate purpose of committing a fraudulent act has been done so in violation the US wire fraud laws.

COUNT VII - MAIL FRAUD

(Against Maximus and Illinois CSE)

45. The Plaintiff incorporates by reference paragraphs 1 through 44 as if fully set forth herein.

46. The plaintiff contends that the September 18, 2006 income withholding order having been sent to plaintiff's employer via United States Mail, for the deliberate purpose of committing a fraudulent act has been done so in violation of US mail fraud laws.

COUNT VIII - GROSS NEGLIGENCE

(Against Illinois CSE & California CSE)

47. Plaintiff incorporates by reference paragraphs 1 through 46 as if fully set forth herein.

48. Plaintiff contends that on or about and between May 1993 and July 2008, approximately fourteen fraudulent income withholding orders and two federal tax refunds intercepts were issued on

1        behalf of Illinois Division of Child Support Enforcement and
2        California Child Support Services Department combined.

3    49.  The Illinois CSE officials and the California CSE officials
4        knew or should have known of the fraudulent income withholding
5        orders and tax refund intercepts issued on their behalf, and
6        exhibited gross negligence in their actions and omissions which
7        failed to prevent its occurrence and reoccurrence.

8
9    50.  Illinois CSE officials and California CSE officials have
         exhibited gross negligence in its failure to adhere to
10       federally established Due Process regulations in their failure
11       to properly serve plaintiff in a manner consistent with
12       Illinois, California, and federally established Process Service
13       requirements for income withholding orders for child support
14       issued on their behalf on or about and between May 1993 and
15       July 2008.

16
17   51.  The Illinois CSE officials and California CSE officials having
         received numerous requests from plaintiff for appeal hearings,
18       failed to conduct such hearings as required by federal and
19       state laws thereby allowing the wrongful activities to commence
20       and to continue.

21
22   52.  Illinois CSE officials and California CSE officials have
23       exhibited gross negligence in their actions and omissions which
         have failed to appropriately monitor and correct improper and
24       illegal activities of Child Support Enforcement staff,
25       contractors and others under their authority and employ.
26
27                   DAMAGES TO PLAINTIFF AND RELIEF SOUGHT
28
29
30

53.  Plaintiff incorporates by reference paragraphs 1 through 52 as
     if fully set forth herein.

                    Damage to Family Relationships

54.  The actions and omissions of the defendants through their
     unlawful income withholding have resulted in an unwarranted
     intrusion into the plaintiff's life causing irreparable harm
     and damage to father/child relationships. The plaintiff's
     extreme loss of income which prevented access to adequate
     housing and other related needs deprived him of joint custody
     of the children during their dependency. This depravity is
     further acerbated by the suddenness of the loss income which
     prevented the availability of even the plaintiff's own
     immediate necessities for transportation costs, utilities
     payments, and adequate food supply. The enormous and lasting
     effects of this intrusion have resulted in psychological damage
     to father and children characterized by depression, alcohol and
     substance abuse, teen pregnancy, feelings of abandonment, and
     incidents of the children running away from home. At present
     the children are grown and no longer dependant, but the
     plaintiff continues to be subjected to the harsh and unusual
     cruelty of the defendants' actions causing greater estrangement
     to father child relationships as the plaintiff continues to
     suffer the residual effects of the defendants' ongoing actions
     and omissions.

          Damage to Plaintiff's Education and Earning Potential

55.  The plaintiff in order to better provide for the children and
     himself has consistently strived to achieve in his places of
     employment and to continue his education to that greater good.
     The plaintiff's attempts to obtain success at these endeavors
     have been continuously thwarted by the effects of the
     incredulous child support burden placed on him wrongfully by
     the defendants.  In 1998 and again in 2007 the plaintiff has

1
2
3
4
5
6

been forced by the defendants to discontinue his educational enrollment for lack of income to support the endeavor. The plaintiff having an employment background in Accounting and Computer Information Systems was to receive a duel major degree which would have brought his earning capacity to a six figured annual salary had the defendants not prevented its occurrence by their unlawful acts and omissions.

7
8

Damage to Plaintiff's Credit and Finances

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

56. The unwarranted loss of income by the plaintiff caused by the defendants has depleted all of the plaintiff's savings and prevents future opportunity to save in that the amounts of income caused to be withheld from the plaintiff, places him in jeopardy of wage garnishments from his creditors, the US Department of Education, and collection actions from other obligations. That fact, coupled with the defendants' actions and omissions causing fraudulent amounts owed for child support (greater than $165,000) to be pursued by collection agencies and others further prevents opportunities for credit vital to major purchases such as housing, or lending required for small business startups, and the like. This type of recklessness exhibited by the defendants' strikes at the very core of the plaintiff's rights to pursuit of the American Dream. The plaintiff, having to face these consequences (deprivation caused by the defendants) daily has often suffered psychologically causing poor job performance, loss of promotional opportunity, loss of increased wealth, and even loss of employment (Beco 1998, and Northwestern Hospital 2002). The continued offences of the defendants threatens the loss of the plaintiff's current employment in that the unlawful income withholding is preventing the plaintiff from maintaining those necessities required to be productive in his current employment capacity.

30

Damages to Plaintiff's Health

57.  The actions and omissions of the defendants are consistent with
behavior that is oppressive and malicious in nature and
deliberate in cause. These actions are directly related to the
plaintiff's suffering frequent bouts of anxiety in trying to
determine how his bills will be paid. The defendants' actions
are directly related to the plaintiff's suffering from numerous
episodes of depression brought on by the enormity of problems
caused by the defendants, and by the enormity of the defendants
themselves. The plaintiff cannot afford an attorney to present
and pursue his cause and remedies which greatly increases the
level of and frequency of the bouts of anxiety and depression
experienced by the plaintiff. The unlawful depletion of the
plaintiff's take-home pay is not without tangible costs, in
that the plaintiff's diet is restricted by what he can afford
rather than what is needed, healthcare maintenance is limited
to doctor's visits and medically necessary procedures for which
he can afford. The oppression experienced by the plaintiff
often leads to excessive drinking and consumption of
cigarettes, coupled with associated sleeplessness, headaches,
and fatigue. All of these factors combined and caused by the
defendants have lead to irreversible diagnosed digestive
disorders. The defendants continued malicious and fraudulent
acts are causing further deterioration of the plaintiff's
health and potentially shortening the plaintiff's life span.

Damage to Plaintiff's Reputation

58.  The deceptive and malicious activities practiced by the
defendants have subjected and continue to subject the plaintiff
to wide spread unwarranted embarrassment and humiliation felt
in his place of employment, at his home, and at places of
business, at family members homes, at gatherings of friends and
acquaintances, or anyplace where discussions of finance,
accomplishments, travel, children, or other conversations

1       connecting the plaintiff's losses and restrictions to the
2       deliberate actions and omissions of the defendants. The
3       issuance of the false claims for child support has caused the
4       plaintiff to be labeled as irresponsible by those who have
5       knowledge of the income withholding orders sent to the his
6       employers. The plaintiff has been forced to provide
7       explanations to his landlord and others regarding untimely
8       payments of his obligations as a result of the defendants'
9       actions causing further embarrassment and humiliation. The
10      plaintiff is often ridiculed by his peers, family members and
11      others for his lack of accomplishments given his level of
12      education and obvious intelligence, unaware of the full impact
13      the defendants' activities are having on the plaintiff's
14      quality of life. The plaintiff is prohibited from traveling
15      with family members and loved ones to locations requiring a US
16      passport which is especially humiliating, hurtful, and
        indicative of the reckless and wanton nature of the defendants'
        actions.

17
18      WHEREFORE, the actions and omissions of the defendants have caused
19      great harm and irreparable damage to plaintiff, and defendants'
20      actions and omissions were deliberate and carried out with such
21      malice and disdain for the just laws of the State of Illinois and
22      the State of California and the United States of America, the
23      plaintiff, Edward Miller, prays to this Court for award of damages
        and relief to the following:

24
25          a. Actual damages charged against defendant Maximus and awarded
26             to plaintiff, the sum of $10,000,000.

27          b. Putative damages charged against defendant Maximus and
28             awarded to plaintiff the sum of $10,000,000.

29

30

c. Consequential damages charged against Illinois Division of
   Child Support Enforcement (Illinois Department of Healthcare
   and Family Services) and awarded to plaintiff the sum of
   $250,000.

d. Declaratory and injunctive relief against all defendants in
   this matter declaring the July 2008 Order to Withhold Income
   for Child Support orders to be invalid and unenforceable and
   enjoining defendants from issuing future Income Withholding
   for Child Support orders against the plaintiff for all of
   the children named herein.

e. Granting such other and further relief to plaintiff as this
   Court deems just and proper.

JURY DEMAND

The plaintiff, Edward Miller demands a trial by jury on all
issues in this matter.

Dated this 1st day of September, 2008

_Edward Miller_  PRO SE

Edward Miller, Pro Se Plaintiff
8019 S Prairie
Chicago, IL  60619